## Ward v. Commonwealth.

June 7, 1949.

W. A. Johnson for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

Appellant was indicted at the June 1948 term of the Johnson Circuit Court for maintaining and continuing a nuisance by keeping a disorderly house in Johnson

County. On trial of the case the jury found him guilty and fixed his punishment at $500 and six months in jail. He has filed in this court a motion for appeal and relies on four grounds for reversal of the judgment: (1) that the indictment is defective; (2) admission of incompetent evidence; (3) refusal of the trial court to hear appellant's attorney on a motion; (4) the verdict is flagrantly and palpably against the evidence.

We do not find any merit in the first three grounds for reversal but since the case must be reversed on the fourth ground, we deem it only necessary to consider that ground.

The Commonwealth introduced five witnesses. The testimony of none of these witnesses connects the appellant up in any substantial way with the crime with which he is charged during the period of the alleged offense, between June 3 and June 23, 1948.

Curtis Hall seemed to know little about the place except to say that he had passed it a few times since it was opened up. Asked if he was acquainted with the reputation of the place and what people say in the community, he replied, "Well I have heard a lot of talk. Of course, I can't prove it myself." He testified that he had not seen any disturbance of any kind or any drinking around the place.

Sullie Lewis testified that he was never at the place run by appellant and was never closer to it than just passing it in a car but that he had heard some rough language, blackguarding and fighting out in the road. His testimony did not show any disturbance in the building. He said he was never in the house. He did not live far from this place and testfied that at times the acts and conduct around appellant's place disturbed him. He testified that he had heard shooting around this place at one time in daytime but didn't know when it was and had no personal knowledge of who was running the place complained of.

Bruce Davis who lives about three quarters of a mile from appellant's place and passes there occasionally testified that he had never seen any trouble or disturbance of any kind around appellant's place. Asked if he was acquainted with the reputation of the place and

what people in the community say, he replied that he had never heard anything against the place.

Mack Franklin testified that he knew about the place that Tom Ward was supposed to run but that he had never been in it and had never seen anything wrong. He had seen some cars parked there but had heard no noise from the place. Asked about the reputation of the place from what people say about it, he replied that some say it is pretty good and some say it is bad.

Charles Lewis who lives about five hundred yards from appellant's place says he was never in it and didn't know whether Tom Ward ran it or not. He had seen some cars parked in front of the place but had heard no noise or disturbance of any kind. Asked if he was acquainted with the reputation of the place from what people in the community say, he testified that it was bad. Said he had seen people around there that acted like they were under the influence of liquor.

This is the substance of the testimony for the Commonwealth and in our opinion it does not sustain the verdict of the jury that appellant Tom Ward was guilty of maintaining a nuisance by running a disorderly house during the period charged in the indictment. The attorney general admits the evidence for the Commonwealth was not as strong as it might have been but thinks it sufficient to take the case to the jury and justify the verdict. After careful reading of all the evidence, we are of the opinion that the evidence does not sustain the verdict of the jury and the judgment thereunder. Wherefore appellant's motion for an appeal is granted and the judgment is reversed for a new trial and for proceedings consistent with this opinion.

Judgment reversed.